UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GREGORY SCOTT FLOOD,

    Plaintiff,

v.                                                           Case No. 8:11-cv-49-T-24 TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses, or Alternatively, to Treat Same as Denials. (Doc. No. 6). The time for filing a response has not yet expired, and as such, Defendant has not yet filed a response to the motion. However, as explained below, the motion is denied.

Plaintiff alleges the following in his complaint (Doc. No. 2): Defendant issued Plaintiff an automobile insurance policy. Plaintiff was involved in a car accident with a vehicle in which James Caulfield was an occupant. Caulfield asserted a bodily injury claim against Plaintiff, and Defendant failed to settle the claim. As a result, Plaintiff filed suit against Defendant, asserting a claim of bad faith failure to settle.

In response to the complaint, Defendant filed an answer. (Doc. No. 3). Within that pleading, Defendant made fifteen assertions under the heading "Affirmative Defenses." Plaintiff filed the instant motion to strike eleven of those purported affirmative defenses, arguing that such assertions are either legally insufficient and/or should be treated as denials.

"A motion to strike will 'usually be denied unless the allegations have no possible

relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)). Upon review of the motion and the eleven assertions at issue, the Court finds that while many of the assertions appear to be denials of Plaintiff's claim, rather than true affirmative defenses, there is no prejudice to Plaintiff by allowing them to remain. The Court encourages the parties to be cognizant of the Court's limited judicial resources and discourages the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden opposing counsel with responding to an unnecessary motion.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Defendant's Affirmative Defenses, or Alternatively, to Treat Same as Denials (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of February, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record