UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY SCOTT FLOOD,

    Plaintiff,

v.    Case No. 8:11-cv-49-T-24 TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on two motions: (1) GEICO's Motion for Summary Judgment (Doc. No. 43), which Plaintiff opposes (Doc. No. 47); and (2) Plaintiff's Motion for Partial Summary Judgment (Doc. No. 44), which GEICO opposes in part (Doc. No. 46). Accordingly, the Court will address both motions.

**I. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate

specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II.  Background

Plaintiff was involved in an automobile accident with Caulfield, and Caulfield made a claim against Plaintiff's insurance policy with GEICO.  While there are factual disputes as to why GEICO and Caulfield were unable to settle Caulfield's claim, Caulfield eventually filed suit against Plaintiff in state court for his injuries from the accident.  After a bench trial, Caulfield was awarded over $146,000 for his injuries.  Thereafter, Plaintiff filed the instant lawsuit against GEICO, in which Plaintiff alleges that GEICO acted in bad faith in handling Caulfield's claim against him.

## III.  GEICO's Motion for Summary Judgment

GEICO argues that it is entitled to summary judgment because it did not act in bad faith. Specifically, GEICO argues that it fulfilled its duties to advise Plaintiff and attempted in good faith to settle Caulfield's claim, but according to GEICO, there was never really a true settlement opportunity.  Plaintiff responds that genuine issues of material fact preclude summary judgment, and the Court agrees.  Accordingly, the Court denies GEICO's motion for summary judgment.

## IV.  Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for summary judgment as to five of GEICO's affirmative defenses: 20, 21, 23, 27, and 28.  GEICO agrees to withdraw affirmative defenses 23, 27 and 28, and as such, summary judgment is granted as to those affirmative defenses.

GEICO opposes summary judgment on the other two affirmative defenses.  In affirmative defenses 20 and 21, GEICO asserts that the state court final judgment was the result of collusion. Plaintiff contends that GEICO's assertion is not supported by the evidence and moves for partial

summary judgment.

GEICO responds with various scenarios in which collusion may have occurred, but what these affirmative defenses really boil down to is GEICO's argument that there was never a realistic possibility of settlement. The jury should hear evidence regarding the totality of the circumstances surrounding Caulfield's claim against Plaintiff and GEICO's attempt to settle it, and the affirmative defenses at issue are simply a theory for why GEICO was unable to settle the claim. Accordingly, the Court denies Plaintiff's motion for summary judgment as to affirmative defenses 20 and 21.

### V. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  GEICO's Motion for Summary Judgment (Doc. No. 43) is **DENIED**.

(2)  Plaintiff's Motion for Partial Summary Judgment (Doc. No. 44) is **GRANTED IN PART AND DENIED IN PART**: The motion is granted as to affirmative defenses 23, 27 and 28; the motion is denied as to affirmative defenses 20 and 21.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of February, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record