UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GREGORY SCOTT FLOOD,

    Plaintiff,

v.                                                  Case No. 8:11-cv-49-T-24 TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

**<u>ORDER</u>**

This cause comes before the Court on six motions in limine filed by Plaintiff relating to: (1) testimony of Plaintiff's counsel, Daniel Mitchell (Doc. No. 81), (2) exhibits relating to Plaintiff's financial condition (Doc. No. 82), (3) accident reports and traffic citations (Doc. No. 84), (4) testimony of James Caulfield (Doc. No. 85), (5) references to the cost of Defendant's defense (Doc. No. 86), and (6) references to insurance rates (Doc. No. 87). Defendant has filed responses to these motions. (Doc. No. 91-95). Accordingly, the Court will address each motion.

**<u>I. Background</u>**

This case is a bad faith action against Defendant (Plaintiff's automobile insurance provider) for failing to settle Caulfield's claims against Plaintiff. Caulfield's claims against Plaintiff arose from a car accident that occurred in February of 2006. In August of 2006, Defendant sent Caulfield's attorney a settlement check for the $10,000 policy limit, which Caulfield's attorney returned.

In June of 2007, Caulfield's attorney sent a demand letter to Defendant, in which he requested the policy limit and other documentation by July 23, 2007. The parties dispute whether

Defendant included a check for the policy limit when it responded to the demand letter in July. On July 31, 2007, Caulfield's attorney informed Defendant that he did not receive the settlement check. Thereafter, Defendant reissued the check, but suit against Plaintiff was already filed by August 13, 2007.

In the underlying proceeding, a judgment was entered against Plaintiff for over $146,000. Thereafter, Plaintiff filed the instant bad faith lawsuit against Defendant.

## II. Testimony of Mitchell (Doc. No. 81)

Plaintiff moves to prohibit Defendant from calling Mitchell to testify and to prohibit any mention that Mitchell now or ever represented Caulfield in this matter. Defendant responds that it does not intend to call Mitchell or to make any such references to his representing Caulfield, but that if such should become relevant or necessary, Defendant agrees to seek leave of Court before doing so. Accordingly, the Court grants this motion to the extent that Defendant must seek leave of Court before calling Mitchell to testify or making any references to his representing Caulfield.

## III. Exhibits Relating to Plaintiff's Financial Condition (Doc. No. 82)

Plaintiff moves to prohibit Defendant from introducing or making reference to exhibits 66, 67, 68, 69, 70, and 77, as these exhibits relate to Plaintiff's financial condition and are not relevant. Defendant responds that it opposes this motion, but it does not state why. (Doc. No. 95). Because Defendant has not explained the relevance of these documents, the Court grants Plaintiff's motion to exclude them.

## IV. Accident Reports and Traffic Citations (Doc. No. 84)

Plaintiff moves to prohibit Defendant from introducing or referring to the following, unless the Court first determines that such are admissible: (1) the traffic crash report, (2) the fact that

2

Plaintiff was charged with a DUI as a result of the accident, (3) the fact that Plaintiff was cited for not having proof of insurance on the night of the accident, and (4) the fact that Plaintiff was cited for running a red light on the night of the accident. Defendant responds that it does not intend to introduce or refer to those things, but that if such should become relevant or necessary, Defendant agrees to seek leave of Court before doing so. Accordingly, the Court grants this motion to the extent that Defendant must seek leave of Court before introducing or referring to: (1) the traffic crash report, (2) the fact that Plaintiff was charged with a DUI as a result of the accident, (3) the fact that Plaintiff was cited for not having proof of insurance on the night of the accident, and (4) the fact that Plaintiff was cited for running a red light on the night of the accident.

## V.  Testimony of Caulfield (Doc. No. 85)

Plaintiff moves to prohibit Defendant from questioning Caulfield regarding the meaning of his attorney, Gary Weisman, returning Defendant's settlement check that was tendered in August of 2006. Plaintiff argues that Caulfield does not remember the sequence of receiving certain checks and correspondence, and Caulfield cannot understand the legal significance of Weisman's return of the August 2006 settlement check. Thus, Plaintiff urges the Court to require Defendant to rely on the letters and checks themselves, as well as the testimony Weisman, to explain why Weisman returned the settlement check that was tendered by Defendant in August of 2006.

Defendant opposes the motion, arguing that Caulfield's testimony on this issue is relevant and necessary, because Caulfield stated in his deposition that he was never told that Defendant tendered the $10,000 policy limit almost a year before Weisman made a settlement demand and that he had authorized Weisman to accept the policy limit if it was offered. Thus, Defendant presumably intends to elicit testimony from Caulfield that he was never told of the August 2006 check, that

3

Caulfield did not authorize Weisman to reject and return the check, and ultimately, that there was never a realistic opportunity for settlement given Weisman's actions. Defendant argues that such evidence cannot be attained through the checks and correspondence themselves. Furthermore, when Weisman was deposed, he refused to answer most of the questions relating to this issue, and when he did give answers, such answers were extremely vague. (Doc. No. 43-16, p. 67-68, 77-79).

The Court agrees that Defendant should not be prohibited from questioning Caulfield regarding Defendant's August 2006 settlement check and Weisman's returning of the same. The issues raised by Plaintiff in this motion in limine can be addressed by cross-examining Caulfield regarding his lack of memory of certain things. Furthermore, to the extent that Plaintiff believes that Defendant is asking Caulfield a question about the legal significance of an action, Plaintiff can make a specific objection at trial. Accordingly, the Court denies this motion.

## VI.  References to the Cost of Defendant's Defense and to Insurance Rates (Doc. No. 86 & 87)

Plaintiff moves to prohibit Defendant and witnesses from making any references to the cost of Defendant's defense and to insurance rates (and any alleged connection between the two), because Plaintiff contends that such is irrelevant and prejudicial. Defendant responds that it does not intend to refer to, or elicit testimony regarding, those things, but that if such should become relevant or necessary, Defendant agrees to seek leave of Court before doing so. Accordingly, the Court grants this motion to the extent that Defendant must seek leave of Court before referring to, or eliciting testimony regarding, the cost of Defendant's defense and to insurance rates (and any alleged connection between the two).

## VII.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

4

(1) Plaintiff's Motion in Limine relating to the testimony of Plaintiff's counsel, Daniel Mitchell, (Doc. No. 81) is **GRANTED** to the extent that Defendant must seek leave of Court before calling Mitchell to testify or making any references to his representing Caulfield.

(2) Plaintiff's Motion in Limine relating to exhibits regarding Plaintiff's financial condition (Doc. No. 82) is **GRANTED**.

(3) Plaintiff's Motion in Limine relating to accident reports and traffic citations (Doc. No. 84) is **GRANTED** to the extent that Defendant must seek leave of Court before introducing or referring to: (1) the traffic crash report, (2) the fact that Plaintiff was charged with a DUI as a result of the accident, (3) the fact that Plaintiff was cited for not having proof of insurance on the night of the accident, and (4) the fact that Plaintiff was cited for running a red light on the night of the accident.

(4) Plaintiff's Motion in Limine relating to the testimony of James Caulfield (Doc. No. 85) is **DENIED**.

(5) Plaintiff's Motion in Limine relating to references to the cost of Defendant's defense (Doc. No. 86) is **GRANTED** to the extent that Defendant must seek leave of Court before referring to, or eliciting testimony regarding, the cost of Defendant's defense.

(6) Plaintiff's Motion in Limine relating to references to insurance rates (Doc. No. 87) is **GRANTED** to the extent that Defendant must seek leave of Court before referring to, or eliciting testimony regarding, insurance rates.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of March, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record